Eastern District of Kentucky
F I L E D

AUG 1 6 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-035-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMEEL SLEET, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jameel Sleet has requested safety-valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). However, the safety valve requires the defendant to perform an affirmative act to provide information to the government. This is true even if the defendant ultimately has no information that the government does not already possess. A simple "I already told you everything I know," does not suffice.

## I.     Background

Defendant Jameel Sleet pleaded guilty to possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1). Sleet admitted the following pursuant to his plea agreement:

> On November 14, 2018, Lexington Police Department officers stopped a vehicle and encountered Jameel Sleet, a passenger in the vehicle. An officer conducted a pat down of Sleet and discovered a quantity of fentanyl in Sleet's front pocket. Officers subsequently located three additional baggies of fentanyl, cocaine base, and cocaine in Sleet's underwear. In total, Sleet had 40 grams of fentanyl, 16 grams of cocaine base, and 39 grams of cocaine on his person at the time of his arrest. Sleet knowingly possessed the narcotics and intended to distribute each of the three narcotics to another person. All the above events occurred in the Eastern District of Kentucky.

The statutory punishment for this offense is imprisonment for not less than five years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B). However, Sleet contends that the statutory minimum does not apply because he is eligible for safety-valve relief under U.S.S.G. § 5C1.2(a) and 18 U.S.C. § 3553(f). The government contends that he is not eligible for such relief because he has not truthfully provided to the government all information and evidence he has concerning the offense.

Both the United States Code and the Sentencing Guidelines include safety valve provisions which indicate that the statutory minimum sentence does not apply to defendants who meet certain criteria. 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2(a). The provisions differ in one significant respect (i.e., criminal history), but both require that the defendant did not use violence or credible threats of violence; the offense did not result in death or serious bodily injury to any person; and the defendant was not an organizer, leader, manager, or supervisor of others involved in the offense. The final factor required is that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

§ 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).[1]

The parties agree that Sleet has satisfied the first four requirements. However, they disagree regarding the fifth and final requirement. Specifically, Sleet contends that his "full admission at the time of his guilty plea" is sufficient because he was not convicted of

---

[1] § 3553(f) provides the United States with an opportunity to make a recommendation regarding application of the safety valve; U.S.S.G. § 5C1.2 does not.

participating in a conspiracy or ongoing criminal enterprise and he "has no other relevant information to provide to the government regarding his offense." The government maintains that Sleet's guilty plea, standing alone, is not enough to satisfy the fifth element of the safety valve.

## II.    Discussion

The United States Court of Appeals for the Sixth Circuit has recognized some general principles in dealing with requests for relief under the safety valve. First, the *defendant* bears the burden of proving by a preponderance of the evidence that he is entitled to the safety-valve adjustment. *United States v. Adu*, 82 F.3d 119, 123-24 (6th Cir. 1996). Second, the safety valve requires a higher degree of disclosure than that required for acceptance of responsibility under U.S.S.G. § 3E1.1. *Id.* Under § 3E1.1, the defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction to obtain a two-level reduction. *Id.* at 124. The safety valve, on the other hand, requires the defendant to "truthfully provide all information he has concerning the offense of conviction *and all relevant* conduct." *Id.* (emphasis in original).

The plain language of § 5C1.2(a)(5) and § 3553(f)(5) do not indicate the method by which a defendant must provide information to the United States. However, the Sixth Circuit has held that the safety valve "clearly require[s] an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *Id.* In part, this is because the safety valve is "intended to benefit only those defendants who truly cooperate." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001).

Although the guidelines and statutory language do not explicitly require a proffer session or a debriefing with the government, it is unlikely that a defendant could ever rely

solely on his guilty plea to gain safety valve relief. *See United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095 (10th Cir. 2007) (disclosure requirement was not satisfied by statements contained in plea agreement); *United States v. Morales*, 260 F. App'x 585, 588 (4th Cir. 2008) ("A guilty plea alone is insufficient to entitle a defendant to the adjustment."). Thus, because an affirmative act is required, most courts have assumed that a proffer session or debriefing is necessary. *See, e.g., United States v. Wrenn*, 66 F.3d 1, 2-3 (1st Cir. 1995) (acceding to government's allegations during plea colloquy is not enough to satisfy safety valve, which "contemplates an affirmative act of cooperation with the government no later than the time of the sentencing hearing"); *Williams v. United States*, Crim. No. 1:13-CR-0025, 2017 WL 4277284, at *6 (N.D. Ga. Sept. 26, 2017) (suggesting that *defendant* must seek out debriefing or some way of disclosing the information to the government, even if the information is unhelpful or if it is information the government already knows); *Trevino-Vasquez v. United States*, Crim. No. 7:09-CR-04-1, 2015 WL 13546109, at *3 (S.D. Tx. Jan. 9, 2015) (defendant did not qualify for safety valve because he did not "bother to sit down and tell the government" what he knew about the case); *United States v. Good*, 679 F. Supp. 2d 247, 249 (D. Mass. 2010) ("Defendant has the responsibility to come forward affirmatively to make the proffer required by § 3553(f)(5).").

Here, Sleet contends that, because he was only convicted of possession with the intent to distribute (as opposed to conspiracy), he does not have any additional information to provide to the government. It is true that the offense for which the defendant has been convicted determines the scope of information that the defendant must disclose. *United States v. Montes*, 151 F. App'x 846, 855 (11th Cir. 2005). However, even if the crime is possession with the

intent to distribute, the defendant likely possesses additional information about the crime beyond the facts admitted in the plea agreement.

In *United States v. Dottery*, 259 F. App'x 812 (6th Cir. 2008), the defendant pleaded guilty to the use of a telephone in facilitation of drug distribution and distributing 50 grams or more of crack cocaine. During the sentencing hearing, the district court observed that he had met all of the requirements for application of the safety valve, "except for the requirement that he be debriefed." *Id.* at 813. The defendant had missed several appointments with the government and he and his attorney disagreed about how to handle the debriefing. Counsel moved to withdraw at sentencing, but the court decided to postpone the sentencing and did not rule on the motion to withdraw. By the time the next sentencing hearing took place, Dottery had been debriefed by the government. *Id.* at 813-14. However, the government deemed the session insufficient because Dottery's statements did not coincide with those of its informants. *Id.* at 814. The court reviewed the transcript of Dottery's debriefing and noted that he had refused to answer at least five of the government's questions that concerned his source of crack cocaine. In light of his refusal to answer the questions concerning his source, the court concluded Dottery had not provided complete, truthful information.

The court gave Dottery another chance to supplement his statements to the government, and he apparently answered the government's questions about his cocaine source at a subsequent debriefing session. However, the government asked questions about related criminal conduct that Dottery refused to answer. *Id.* at 815. The court characterized Dottery's debriefing as "reluctant," and not the type of cooperation "contemplated by the spirit" of U.S.S.G. § 5C1.2(a). Accordingly, the court did not apply the safety valve in determining Dottery's sentence.

The Sixth Circuit affirmed Dottery's sentence on appeal. The court noted that "the disclosure requirement does not hinge on whether the particular conviction at issue happens to be for a conspiracy or for a substantive drug offense." *Id.* at 816 (citing *United States v. Maduka*, 104 F.3d 891, 894 (6th Cir. 1997)). "If the ability of a defendant to commit a drug offense depends on the active participation of other people, information about such participation constitutes information about both 'the offense of conviction' and 'relevant conduct.'" *Id.*

Sleet maintains that his guilty plea alone warrants application of the safety valve because his plea agreement includes all of the "relevant conduct" related to his offense; to wit, possession with intent to distribute fentanyl. Relevant conduct is defined, in part, as "all acts or omissions committed, aided, abetted, counseled, commanded, induced, or willfully caused by the defendant." U.S.S.G. § 1B1.3. Sleet takes a very narrow view of relevant conduct, which is not supported by the case law.

In short, a defendant seeking application of the safety valve must affirmatively volunteer everything he knows about his offense of conviction, including facts beyond the basic elements of the crime. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1998). *See also United States v. Jackson*, Crim. No. 5: 13-66-DCR, 2015 WL 273054, at *4 (E.D. Ky. Jan. 20, 2015) (citing *United States v. Myers*, 106 F.3d 936, 941 (10th Cir. 1997) ("Section 5 is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated in the crime with him."). While relevant conduct must relate to the offense of conviction, it "comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct." *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095 (10th Cir. 2007).

Sleet was not convicted of participating in a drug conspiracy and cannot be expected to provide extensive information about any alleged conspiracy. However, his source of drugs and their intended destination are details regarding his own offense, and pertain to acts he "committed, aided, abetted, counseled, commanded, induced, or willfully caused." *See Thompson*, 81 F.3d at 880 (defendant convicted of PWID methamphetamine did not receive safety valve when he failed to disclose his source of drugs to the government); *United States v. Rodriguez*, 69 F.3d 136 (7th Cir. 1995) (defendant convicted of PWID cocaine did not receive safety valve when he failed to disclose the source of drugs and did not affirmatively advise the government that he did not know the source's identity).

Sleet contends that requiring him to disclose additional information "unjustifiably blurs the distinction between the disclosure requirements for safety valve relief and the type of cooperation that would qualify a defendant for a sentence reduction based on substantial assistance pursuant to U.S.S.G. § 5K1.1. [Record No. 45] But Sleet is wrong in making this assertion.

The United States may move for a departure based on a defendant's substantial assistance in the investigation or prosecution of another person. § 5K1.1; 18 U.S.C. § 3553(e). Unlike the safety valve, several factors are considered, including: the usefulness of the defendant's assistance; the nature and extent of assistance; and any danger or risk of injury to the defendant or his family resulting from assistance. This type of assistance could include providing information about other crimes, testifying at trial, wearing a recording device, or other activities that could place the cooperating defendant in peril. Safety valve cooperation, on the other hand, must relate to the defendant's own offense of conviction.

There is no rule that safety valve and 5K1.1 information cannot overlap. But if the defendant possesses information relevant to his offense of conviction, he must disclose it under the safety valve, regardless of whether disclosure of the information also could constitute cooperation under 5K1.1. *See United States v. Thompson*, 81 F.3d 877, 880-81 (9th Cir. 1996). In fact, a district court within the Ninth Circuit recently addressed this issue. In *United States v. Walter*, 2019 WL 1924986, at *4 (E.D. Cal. Apr. 30, 2019), the defendant (convicted of a drug conspiracy) could not have complied with the safety valve's "tell-all" requirement without providing information about the motorcycle club with which he was involved. Walter's counsel acknowledged that Walter did not provide information about the club because of "safety concerns for himself and his family." The court concluded that Walter did not "tell all he knew" before sentencing and his argument "that there is some differing, lesser amount of information that he could provide to satisfy § 3553(f)(5), while withholding additional information that would satisfy § 3553(e), [was] without merit." *Id. See also Thompson*, 81 F.3d at 879 (9th Cir. 1996) (court rejected defendant's argument that "naming names" is reserved for 5K1.1).

Ultimately, a defendant's "bare assertion" that he has provided all relevant information to the government does not meet his preponderance of the evidence burden of proof. *United States v. Miller*, 20 F. App'x 637, 638 (9th Cir. 2001). And the relevance of any information Sleet may possess is not a matter for him or his attorney to determine unilaterally. *See Jackson*, 2015 WL 273054, at *4. *See also United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) ("Application of the safety valve provision not only requires a defendant to admit the conduct charged, but it also imposes an affirmative obligation on the defendant to volunteer any information aside from the conduct comprising the elements of the offense."). To apply

the safety valve, the district court must make a factual determination regarding whether the defendant provided complete and truthful information to the United States. *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2002).

### III.    Conclusion

The Court cannot accept the defendant's unsupported assertion that he has nothing more to disclose to the government. Sleet has not met the requirements of 18 U.S.C. § 3553(f) and, as a result, a mandatory minimum term of incarceration of 60 months is required. Accordingly, it is hereby

**ORDERED** that Defendant Sleet's objection to the Presentence Investigation Report is **OVERRULED** and his request for relief under the safety valve is **DENIED**.

Dated: August 16, 2019.

Signed By: 

*Danny C. Reeves*

**United States District Judge**